877 F.2d 61
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James W. WORKMAN, Petitioner-Appellant
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 88-2116.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1989.
Decided June 7, 1989.
 
 S.F. Raymond Smith, United Mine Workers of America, for appellant.
 George R. Salem, Donald S. Shire, Sylvia T. Kaser, Robert E. Kirschman, Jr., Office of the Solicitor, for appellees.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James W. Workman petitions for review of the denial of his claim for disability benefits pursuant to the provisions of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq (the Act). The administrative law judge (ALJ) found that Workman was entitled to the interim presumption of entitlement to benefits invoked under 20 C.F.R. Sec. 727.203(a)(1), but found that the Director rebutted the presumption under 20 C.F.R. Sec. 727.203(b)(2).[1] The Benefits Review Board (Board or BRB) affirmed the ALJ's findings.
 
 
 2
 Workman first contends that the ALJ erred in admitting Dr. Daniel's medical report into evidence because it was based on tests occurring after the case was transferred to the Office of Administrative Law Judges, and because introduction of this report deprived him of his right to a full and fair hearing. This contention is without merit. Any documentary materials, including medical reports, which were not submitted to the deputy commissioner, may be received in evidence, subject to the objection of any party, if such evidence is sent to all other parties at least 20 days before the hearing. 20 C.F.R. Sec. 725.456(b)(1). The record shows that the Director notified Workman on March 5, 1987, that he intended to introduce Dr. Daniel's medical report into evidence at the hearing in the case, which was held on June 30, 1987. Apparently in response to this notice, Workman deposed Dr. Daniel and a copy of that deposition was also introduced at this hearing. Under these facts, it cannot be said that the ALJ abused his discretion in receiving the report in evidence.
 
 
 3
 Workman next asserts that the Board erred in affirming the ALJ's finding of rebuttal under Sec. 727.203(b)(2). The Director concedes that Workman is correct in this assertion. We have held that rebuttal under Sec. 727.203(b)(2) is concerned with the question of whether miners are totally disabled for whatever reason, and that there is no inquiry into causation. Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir.1987). The ALJ relied on Dr. Daniel's report to find that rebuttal was established under Sec. 727.203(b)(2). However, there is no evidence in the record suggesting that Dr. Daniel was aware of the physical demands and health requirements of Workman's usual coal mine work. Dr. Daniel merely stated that Workman worked as a machine operator. Furthermore, Dr. Daniel's conclusory statements regarding Workman's pulmonary disability are insufficient to establish that Workman is not totally disabled for whatever reason. See Sykes, 812 F.2d at 893-94. Consequently, we hold that the Director is correct in conceding that the evidence is insufficient to support a finding of Sec. 727.203(b)(2) rebuttal.[2]
 
 
 4
 Finally, the Director argues that even though he failed to rebut the interim presumption under Sec. 727.203(b)(2), the ALJ should nevertheless be affirmed because the evidence establishes rebuttal under Sec. 727.203(b)(3).[3] In addressing this argument, we note at the outset that when pneumoconiosis is a contributing cause to a miner's disability, the miner is conclusively entitled to benefits. Bethlehem Mine Corp. v. Massey, 736 F.2d 120 (4th Cir.1984). Here, the medical report of Dr. Dougherty establishes a diagnosis of chronic bronchitis from long-term smoking and coal workers' pneumoconiosis, with a 20% pulmonary disability. Dr. Daniel diagnosed Workman as suffering from coal workers' pneumoconiosis resulting from his 38 years of exposure to coal dust, and chronic obstructive pulmonary disease. Based on this evidence, the ALJ found that the Director had not established Sec. 727.203(b)(3) rebuttal. Because nothing in the record establishes that Workman's disability did not arise, at least in part, out of his coal mine employment, the ALJ's finding on this issue is supported by substantial evidence.
 
 
 5
 We note that the BRB declined to consider the ALJ's ruling on Sec. 727.203(b)(3) rebuttal. However, remand to the BRB for consideration of this issue would serve no purpose, as "the Board must apply the same standard of review that we apply." Clark v. Director, OWCP, 838 F.2d 197, 200 (6th Cir.1987).
 
 
 6
 Accordingly, we reverse the decision of the Benefits Review Board insofar as it affirmed the ALJ's denial of benefits, and remand with instructions that benefits be awarded. We also find that the facts and legal arguments are adequately presented in the parties' briefs and record in this case, and that the decisional process would not be significantly aided by oral argument; we therefore dispense with oral argument.
 
 
 7
 REVERSED.
 
 
 
 [1]
 20 C.F.R. Sec. 727.203(b)(2) states that the interim presumption is rebutted when:
 In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see Sec. 410.412(a)(1) of this title).
 
 
 [2]
 We note that the Director also concedes that Workman is correct in his argument that the quality standards of Part 718 should have applied to Dr. Daniel's medical examination. See Director, OWCP v. Mangifest, 826 F.2d 1318 (3d Cir.1987). Because of our disposition, we find it unnecessary to address this contention
 
 
 [3]
 20 C.F.R. Sec. 727.203(b)(3) states that this interim presumption is rebutted if:
 The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment.
 (Emphasis added).